# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RACHEL RAJPUT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:15-cv-01079-WJN |
| v. ) | (Judge William J. Nealon) |
| ) | |
| SYNCHRONY BANK f/k/a/ GE ) | |
| CAPITAL RETAIL BANK, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS RENEWED MOTION TO STAY PROCEEDINGS PENDING RULING BY THE D.C. CIRCUIT COURT OF APPEALS

Plaintiff Rachel Rajput's ("Plaintiff") opposition to Defendant Synchrony Bank's renewed motion to stay exhibits a fundamental misunderstanding of the importance of the appeal in *ACA International v. Federal Communications Commission*, currently in front of the U.S. Court of Appeals for the D.C. Circuit. This is not simply an appeal of a sister circuit. Rather, it is an administrative appeal that is binding on all federal courts across the country, including this one.

Plaintiff's contention that the D.C. Circuit's decision in *ACA International* will not have binding nationwide application is wrong. Under the Communications Act, challenges to a final order of the Federal Communications Commission ("FCC") must be brought under the Administrative Orders Review Act, also known as the Hobbs Act, 28 U.S.C. § 2341, et seq. *See* 47 U.S.C. §

402(a). FCC orders like the FCC's July 10, 2015 Order are "orders" subject to review under the Hobbs Act. *See Columbia Broad. Sys., Inc. v. United States*, 316 U.S. 407, 417, 62 S. Ct. 1194, 1200 (1942); *Leyse v. Clear Channel Broad., Inc.*, 2013 WL 5926700, at *10 (6th Cir. Nov. 5, 2013). Under the Hobbs Act, only a federal court of appeals – like the D.C. Circuit in *ACA International* – has the power to set aside a final FCC order. *See* 28 U.S.C. §2842(1) ("The court of appeals (other than the United States Court of Appeals for the Federal Circuit) has exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of—(1) all final orders of the Federal Communication Commission made reviewable by section 402(a) of title 47"); *Morse v. Allied Interstate, LLC,* 65 F. Supp. 3d 407, 411–12 (M.D. Pa. 2014) (citing 28 U.S.C. § 2342 and other cases)*; CE Design Ltd. v. Prism Bus. Media, Inc.*, 606 F.3d 443, 446 (7th Cir. 2010) (citing 28 U.S.C. § 2342(1); 47 U.S.C. § 402(a)); *Murphy v. DCI Biologicals Orlando, LLC*, No. 6:12–cv–1459–Orl–36KRS, 2013 WL 6865772, at *6-7 (M.D. Fla. Dec. 31, 2013) (citing other cases).

The "final order" here to be reviewed is the FCC's July 10, 2015 Ruling, where the FCC ruled in relevant part that "the capacity of an [automatic telephone dialing system] is not limited to its current configuration but also includes its potential functionalities." *See* July 10, 2015 FCC Ruling at ¶ 16. ACA International's amended petition for review challenges the FCC's Ruling as

arbitrary and capricious, an abuse of discretion, and as inconsistent with various constitutional provisions. *See* ACA Amended Petition at 3. Specifically, petitioners and intervenors challenge the validity of the FCC's definition of an automatic telephone dialing system ("ATDS").

The Federal Courts of Appeals have exclusive jurisdiction to determine the validity of the FCC's Orders. 28 U.S. Code § 2342(1). Thus, the outcome of the D.C. Circuit appeal on the validity of the FCC's July 10, 2015 Order will have binding nationwide implications regarding the definition of an ATDS, including on this Court. Because Plaintiff's case rests on the argument that Synchrony used an ATDS to place the allegedly offending phone calls, the outcome of the appeal will have a substantial impact on the claims here.

For all the foregoing reasons, Defendant Synchrony Bank respectfully requests that the Court stay these proceedings until the outcome of the D.C. Circuit's *ACA International* decision.

Dated:  August 1, 2016

Respectfully submitted,

SYNCHRONY BANK

By: */s/   Valerie E. Brown*
Valerie E. Brown (PA #309849)
Reed Smith LLP
Three Logan Square
1717 Arch Street
Suite 3100
Philadelphia, PA  19103

Tel: (215) 851-8100
Fax: (215) 851-1420
Email: vbrown@reedsmith.com

*Counsel for Defendant Synchrony Bank*

# CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of August, 2016, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF filing system, which will serve it on the following counsel of record:

Craig Thor Kimmel
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
P: 215-540-8888
F: 877-788-2864
kimmel@creditlaw.com
*Attorney for Plaintiff Rachel Rajput*

*/s/ Valerie E. Brown*
Valerie E. Brown (PA #309849)
Reed Smith LLP
Three Logan Square
1717 Arch Street
Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
Email: vbrown@reedsmith.com

*Counsel for Defendant Synchrony Bank*