## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RACHEL RAJPUT,                      :
       Plaintiff          :        CIVIL ACTION NO. 3:15-CV-1079
                           :        (Judge Nealon)
   v.                            :
                           :
SYNCHRONY BANK f/k/a GE            :
CAPITAL RETAIL BANK,              :
       Defendant          :

## MEMORANDUM

On June 1, 2015, Plaintiff, Rachel Rajput, filed a complaint against

Defendant, Synchrony Bank f/k/a GE Capital Retail Bank.  (Doc. 1).  Plaintiff

alleges that Defendant repeatedly violated the Telephone Consumer Protection

Act, 47 U.S.C. § 227, et seq. ("TCPA").  (Id. at pp. 1-5).  Specifically, Plaintiff

claims that Defendant violated section 227(b)(1)(A)(iii) of the TCPA when,

"[d]espite the fact that, in July 2014, Plaintiff revoked any consent that may have

been previously given for Defendant to place calls to her[,] Defendant repeatedly

placed non-emergency calls to Plaintiff's cellular telephone."  (Id. at p. 4).

Plaintiff seeks statutory damages up to $1,500.00 for each call in violation of the

TCPA, as well as injunctive relief.  (Id. at p. 5).

On January 29, 2016, Defendant moved to stay the above-captioned action

until the United States Supreme Court ruled in Spokeo, Inc. v. Robins, 135 S. Ct.

1892 (2015), and the United States Court of Appeals for the D.C. Circuit ruled in

ACA International v. Federal Communications Commission, Case No. 15-1211 (D.C. Cir. filed July 10, 2015).  (Doc. 13).  On March 10, 2016, Defendant's motion to stay was granted in part and dismissed as moot in part.  (Doc. 14).  Specifically, this matter was stayed pending the disposition of Spokeo by the Supreme Court of the United States.  (Id. at p. 7).  As a result, Defendant's request to stay this action pending the United States Circuit Court for the D.C. Circuit's disposition of ACA International was dismissed as moot.  (Id. at p. 7 n.1).

On May 16, 2016, the Supreme Court decided Spokeo.  Spokeo, Inc. v. Robins, 136 S. Ct. 1540 (May 16, 2016).  As a result, the Court lifted the stay and reopened the above-captioned action.  (Doc. 18).

On July 12, 2016, Defendant filed the instant motion to stay pending the disposition of ACA International by the United States Court of Appeals for the D.C. Circuit.  (Doc. 15).  On July 26, 2016, Plaintiff filed her brief in opposition.  (Doc. 16).  On August 1, 2016, Defendant filed its reply.  (Doc. 17).  The motion having been fully briefed is now ripe for disposition.  For the reasons stated below, Defendant's motion to stay will be granted.

## I.    **FACTUAL ALLEGATIONS**

Plaintiff makes the following allegations in support of her TCPA claim: She has had a cellular telephone number for over a year.  (Doc. 1, p. 2).  "Plaintiff has

2

only used this number as a cellular telephone number," and "[t]he phone has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls." (Doc. 1, p. 3). During or around "July 2014, and continuing through September 2014, Defendant called Plaintiff on her cellular telephone on a repetitive and continuous basis." (Id.). According to Plaintiff, when Defendant contacted her on her cellular telephone, "Defendant used an automatic telephone dialing system [("ATDS")] and automatic and/or prerecorded messages." (Id.). Moreover, Plaintiff claims these calls were not made for "emergency purposes." (Id.).

At some point in July 2014, Plaintiff claims she "spoke with Defendant and explicitly revoked any consent that may have been previously given for Defendant to call her on her cellular telephone." (Id.). Specifically, "Plaintiff told Defendant to stop calling her." (Id.). According to Plaintiff, "Defendant heard and acknowledged Plaintiff's revocation of consent and demand to stop calling her cellular telephone." (Id.). "Despite the above," Plaintiff alleges, "Defendant persisted in calling Plaintiff on her cellular telephone." (Id.).

As a result of these alleged actions, Plaintiff claims, "Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an [ATDS] to Plaintiff's cellular telephone without prior express consent." (Id. at p.

5).  Plaintiff seeks statutory damages pursuant to 47 U.S.C. §§ 227(b)(3)(B),

(c)(5)(B), and (c)(5)(C); injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

"[a]ny other relief deemed appropriate."  (Doc. 1, p. 5).

## II.   <u>STANDARD OF REVIEW</u>

"The District Court has broad discretion to stay proceedings as an incident

to its power to control its own docket."  <u>Clinton v. Jones</u>, 520 U.S. 681, 706

(1997).  "A stay is an extraordinary measure,[footnote omitted] and the decision to

impose a stay rests within the sound discretion of the district court."  <u>Barker v.</u>

<u>Kane</u>, 2016 U.S. Dist. LEXIS 521, at *9-10 (Mar. 3, 2016) (Conner, J.) (citing

<u>Walsh Secs., Inc. v. Cristo Prop. Mgmt., Ltd.</u>, 7 F. Supp. 2d 523, 526 (D.N.J.

1998); <u>In re Adelphia Commc'ns Secs. Litig.</u>, 2003 U.S. Dist. LEXIS 9736 (E.D.

Pa. 2003)).  "To exercise that discretion within the bounds of the law, a district

court must 'weigh competing interests and maintain an even balance.'"  <u>Germann</u>

<u>v. Watts Regulator Co.</u>, 2015 U.S. Dist. LEXIS 168475, at *5 (M.D. Pa. 2015)

(Jones, J.) (quoting <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254 (1936)).  "As

numerous courts in the Third Circuit and the Middle District have held, '[i]n

determining whether to grant a motion to stay, courts should consider: (1) the

length of the requested stay; (2) the "hardship or inequity" that the movant would

face going forward with the litigation; (3) the injury that a stay would inflict upon

4

the non-movant; and (4) whether a stay will simplify issues and promote judicial economy.'" Barnard v. Lackawanna Cnty., 2016 U.S. Dist. LEXIS 14143, at *6 (M.D. Pa. Jan. 29, 2016) (Mannion, J.) (citing Structural Grp., Inc. v. Liberty Mut. Ins. Co., 2008 U.S. Dist. LEXIS 82266 (M.D. Pa. 2008) (Kane, J.); Scicchitano v. Cnty. of Northumberland, 2015 U.S. Dist. LEXIS 158956 (M.D. Pa. 2015) (Brann, J.); Pa. ex rel. Kane v. McGraw-Hill Cos., Inc., 2013 U.S. Dist. LEXIS 49462 (M.D. Pa. 2013) (Conner, J.); Vasvari v. Rite Aid Corp., 2010 U.S. Dist. LEXIS 86361 (M.D. Pa. 2010) (Jones, J.)).  "The Third Circuit has further noted that, 'efficiency does not, by itself, allow a federal court to refuse to exercise its jurisdiction in favor of proceedings in an alternative forum.'" Id. (citing CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc., 381 F.3d 131, 135-36 (3d Cir. 2004)).

## III.  **DISCUSSION**

As stated, Defendant moves to obtain a stay in the above-captioned action pending the United States Court of Appeals for the D.C. Circuit's disposition of ACA International.  (Doc. 15).  After considering the four (4) factors outlined above, the Court determines that Defendant's motion should be granted and a stay should be entered.  Those four (4) factors will be addressed seriatim.

### A.  **Length of Requested Stay**

As to the first factor, the length of the requested stay, Defendant argues that

5

a stay based on <u>ACA International</u> will be "relatively short."  (Doc. 15, p. 12).  In

support, Defendant cites to a number of district court cases from outside this

jurisdiction which have found that a stay pending the resolution of <u>ACA</u>

<u>International</u> would be for a relatively short period.  (<u>Id.</u> at pp. 12-13) (citing <u>Rose</u>

<u>v. Wells Fargo Advisors, LLC</u>, 2016 U.S. Dist. LEXIS 85287 (N.D. Ga. June 14,

2016); <u>Adams v. Nationstar Mortg. LLC</u>, No. 15-CV-9912 (C.D. Cal. June 14,

2016); <u>Chattanond v. Discover Fin. Servs., LLC</u>, No. 15-CV-8549 (C.D. Cal. Feb.

26, 2016); <u>Small v. GE Capital, Inc.</u>, No. 15-CV-2479 (C.D. Cal. June 9, 2016);

<u>Fontes v. Time Warner Cable, Inc.</u>, 2016 U.S. Dist. LEXIS 169580 (C.D. Cal.

Dec. 17, 2015)).  Also, Defendant notes that briefing in <u>ACA International</u>

concluded as of February 24, 2016.  (<u>Id.</u> at p. 12).  Plaintiff responds by noting

that "[t]his matter has already sat stagnant for four months waiting for one

decision which has had no meaningful effect on the way this litigation should

proceed."  (Doc. 16, p. 2).  Further, Plaintiff claims that "[b]y the time that the

<u>ACA International</u> decision is rendered, it is likely that another high-profile TCPA

case may be pending before another circuit court."  (<u>Id.</u> at p. 3).

      District courts assessing the potential duration of a stay based upon <u>ACA</u>

<u>International</u> have reached at least two (2) differing conclusions.  Some district

courts have determined that a stay pending the D.C. Circuit's disposition of <u>ACA</u>

International would be relatively short.  See, e.g., Errington v. Time Warner Cable Inc., 2016 U.S. Dist. LEXIS 66317, at *10 (C.D. Cal. May 18, 2016); Rose, 2016 U.S. Dist. LEXIS 85287, at *4.  Recently, for example, the United States District Court for the District of Minnesota determined that a stay pending a decision by the D.C. Circuit in ACA International "will be relatively short in duration." Frable v. Synchrony Bank, 2016 WL 6123248, at *3 (D. Minn. Oct. 17, 2016).  In support of this conclusion, the court noted that oral argument in ACA International "will be held later this week, on October 19, 2016." Id.  Further, while the district court conceded that it "cannot predict when the D.C. Circuit will rule, it will likely be no more than a few months." Id.

A number of district courts, however, "have come to the opposite conclusion, noting that the delay caused by a stay awaiting the D.C. Circuit's decision 'could be substantial,' and therefore opting to allow progress in the case, particularly on issues unrelated to that appeal." Espejo v. Santander Consumer USA, Inc., 2016 U.S. Dist. LEXIS 142259, at *17 (N.D. Ill. Oct. 14, 2016).  For example, in Konopca v. Comcast Corporation,[1] the United States District Court for the District of New Jersey also addressed whether ACA International provided sufficient grounds to warrant a stay.  There, the plaintiff alleged that the defendant

---

[1] 2016 U.S. Dist. LEXIS 55274 (D.N.J. Apr. 26, 2016).

violated "Section 227(b)(1)(A)(iii) of the [TCPA], by making calls to his cell phone using an automated telephone dialing system and prerecorded messages." Konopca, 2016 U.S. Dist. LEXIS 55274, at *2.  The plaintiff claimed that the defendant called his "cell phone numerous times over the past four years using an automated telephone dialing system and prerecorded messages that were not intended for him but, rather, for a third party." Id.  The plaintiff also alleged that "the calls and prerecorded messages related to a Comcast account that did not belong to [the plaintiff], who never had a business relationship with Comcast." Id. at *2-3.  "Consequently," the court noted, "two potentially dispositive issues in this case appear to be whether Comcast used an 'automatic telephone dialing system' and whether it had the consent of the 'called party.'" Id. at *3.

In reaching its determination to deny the motion to stay, the court first considered whether a stay would have unduly prejudiced the plaintiff.  Id. at *10. The court found that "there is a potential for a lengthy delay, as it is uncertain when the D.C. Circuit will issue a ruling." Id.  Thus, the court noted that "the delay here could be substantial." Id. at *10.  Specifically, the court stated that:

> As noted by one court in addressing a motion similar to the instant motion, "the D.C. Circuit is unlikely to be the final step in the litigation over the FCC's 2015 Omnibus Order. Whichever party is unsuccessful in that court is almost certain to appeal to the Supreme Court.  Thus, even the most optimistic

> estimate of the time required for a decision from the D.C.
> Circuit significantly understates both the delay a stay might
> engender and the concomitant prejudice to the Plaintiff."

Konopca, 2016 U.S. Dist. LEXIS 55274, at *10 (quoting Lathrop v. Uber Techs.,

Inc., 2016 U.S. Dist. LEXIS 2490 (N.D. Cal. Jan. 8, 2016); citing Elikman v.

Sirius XM Radio, Inc., 2015 U.S. Dist. LEXIS 171769, at *6-7 (N.D. Ill. 2015)).

The district court went on to find that "[c]onsequently, . . .on balance, this factor

weighs slightly against staying this case." Id. at *11.

Clearly, the length of the requested stay is dependent upon the D.C.

Circuit's decision in ACA International.  As discussed above, district courts

addressing this issue have come down on opposite sides.  Here, Defendant is

seeking to stay the matter until the D.C. Circuit has ruled on ACA International.

(Doc. 15).   Importantly, Defendant is not requesting that the matter be stayed until

ACA International reaches final resolution.  (Id.).  As noted, in ACA International,

briefing concluded in February 2016.  See Frable, 2016 WL 6123248, at *3;

Richardson, 2016 U.S. Dist. LEXIS 113738, at *5.  Further, oral argument was

held on October 19, 2016.  See Id.  Thus, the Court determines that the length of

the requested stay likely will be for no more than a few months.  Therefore, this

factor weighs in favor of granting Defendant's motion to stay.

**B.**     **Hardship or Inequity Defendant Will Face Going Forward With Litigation**

As for the second factor in determining whether a stay is warranted, the Court must assess the "hardship or inequity" that the movant would face going forward with the litigation.  The burden is on the movant to "make out a clear case of hardship or inequity in being required to go forward . . . ."  <u>Landis</u>, 299 U.S. at 255.

Defendant argues that this factor weighs in favor of entering a stay because if a stay is not entered Defendant "will incur actual harm in the form of time and expense incurred to litigate this putative class case . . . ."  (Doc. 15, p. 14).  In support, Defendant notes that "[c]ourts have found litigation expense sufficient to demonstrate actual prejudice to justify a stay."  (<u>Id.</u>) (citing <u>Rose</u>, 2016 U.S. Dist. LEXIS 85287; <u>Adams</u>, No. 15-CV-9912; <u>Chattanond</u>, No. 15-CV-8549; <u>Mackiewicz v. Nationstar Mortg., LLC</u>, No. 15-CV-0465 (M.D. Fla. Nov. 10, 2015)).

Plaintiff responds by taking issue with the potential precedential value of the D.C. Circuit's disposition of <u>ACA International</u>.  According to Plaintiff, "[t]here is nothing to be gained by staying this matter to await the decision of a sister circuit."  (Doc. 16, p. 3).  The Court does not agree.

10

It is determined that if a stay is not granted, both parties could incur unnecessary fees and expenses.  In particular, any discovery and/or motions practice performed prior to the D.C. Circuit's disposition of <u>ACA International</u> would be at risk of being rendered moot if the Court of Appeals invalidates the FCC's July 2015 Declaratory Ruling.  Specifically, by not staying the matter, the parties "may suffer hardship in conducting discovery and trial preparation in light of the uncertain difference between 'potential' capacity and 'theoretical' capacity under the definition of an ATDS."  <u>Rose</u>, 2016 U.S. Dist. LEXIS 85287, at *4.  Further, any decisions from the Court prior to the D.C. Circuit's disposition of <u>ACA International</u> could be called into question if the Court of Appeals issues a ruling favorable to Defendant.  Additionally, if such a decision is issued by the D.C. Circuit it would also likely require the parties to resubmit any pending or decided motions to address the impact of the <u>ACA International</u> decision on this case.  Therefore, not only would staying the instant matter protect the parties from potentially unnecessary expenses, discovery, and/or motions practice, but, as discussed further in Subsection D below, it would also conserve judicial resources.

### C.    <u>Injury Requested Stay Would Inflict on Plaintiff</u>

In regards to the third factor, whether the entry of a stay would inflict injury upon Plaintiff, Defendant claims that they stay will be "relatively short" and "no

hardship exists." (Doc. 15, pp. 13-14). "Moreover," Defendant contends, "Plaintiff cannot show that she is suffering any continuing harm that would be exacerbated by a stay." (Id. at p. 13). Plaintiff responds by claiming that she "will be prejudiced by further delay in her cases in awaiting a decision that will have no binding effect on this Court." (Doc. 16, p. 3).

The Court is aware that granting or denying the stay would cause "[e]ach respective party [to] endure some sort of 'hardship . . . .'" Vasvari, 2010 U.S. Dist. LEXIS 86361, at *8. In particular, "either the parties would incur greater expense and expend resources in an action that could potentially be dismissed from this Court, or Plaintiff will have [to] wait longer to 'get the lawsuit moving.'" Id. However, a relatively short delay because of a stay pending the D.C. Circuit's decision in ACA International likely will not cause substantial injury to Plaintiff. As a result, this factor favors granting Defendant's motion and the entering of a stay.

**D.     Whether Granting a Stay Would Streamline the Proceedings by Simplifying the Issues and Promote Judicial Economy**

As to the fourth factor, whether a stay will simplify issues and promote judicial economy, Defendant argues that "[d]epending upon how the D.C. Circuit rules in the pending appeal, Plaintiff's TCPA claims could be extinguished; at the

very least, this ruling will dictate the scope of the issues and discovery needed in this case." (Doc. 15, p. 15).  In particular, Defendant states that "Plaintiff seeks to hold [Defendant] liable for allegedly calling her cell phone using an 'automatic telephone dialing system' or 'ATDS.'"  (Id.).  As a result, Defendant argues, "the outcome of [ACA International] petition will have a direct and substantial impact on Plaintiff's TCPA claims in this case." (Id. at p. 17).  According to Defendant, "[t]he very definition of ATDS–which is a central element of Plaintiff's TCPA claims here–will be decided by the D.C. Circuit appeal." (Id.).  Said differently, Defendant states that "[b]ecause Plaintiff's case rests on the argument that Synchrony used an ATDS to place the allegedly offending phone calls, the outcome of the appeal will have a substantial impact on the claims here." (Doc. 17, p. 3).

Plaintiff contends that ACA International will not be "binding on this Court." (Doc. 16, p. 2).  And thus, Plaintiff continues, "[r]egardless of the DC Circuit's decision, such holding will be only persuasive authority and this Court is free to consider any argument made to the DC Circuit on its own." (Id.).

Defendant responded by arguing that Plaintiff's opposition "exhibits a fundamental misunderstanding of the importance of the appeal in" ACA International.  (Doc. 17, p. 1).  Defendant contends that ACA International "is not

13

simply an appeal of a sister circuit." (Doc. 17, p. 1). "Rather," Defendant argues,

ACA International "is an administrative appeal that is binding on all federal courts

across the country, including this one." (Id.). Thus, Plaintiff's contention that

ACA International will not be binding on this Court is "wrong." (Id.).

According to Defendant, "[u]nder the Communications Act, challenges to a

final order of the Federal Communications Commission ('FCC') must be brought

under the Administrative Orders Review Act, also known as the Hobbs Act, 28

U.S.C. § 2341, et seq." (Id.) (citing 47 U.S.C. § 402(a)). Thus, Defendant

contends, "FCC orders like the FCC's July 10, 2015 Order are 'orders' subject to

review under the Hobbs Act." (Id. at p. 2) (citing Columbia Broad Sys., Inc. v.

United States, 316 U.S. 407, 417 (1942); Leyse v. Clear Channel Broad., Inc., 545

F. App'x 444, 454 (6th Cir. 2013)). Moreover, under the Hobbs Act, "only a

federal court of appeals . . . has the power to set aside a final FCC order." (Id.)

(citing 28 U.S.C. § 2842(1); Morse v. Allied Interstate, LLC, 65 F. Supp. 3d 407,

411-12 (M.D. Pa. 2014); CE Design Ltd. v. Prism Bus. Media, Inc., 606 F.3d 443,

446 (7th Cir. 2010); Murphy v. DCI Biologicals Orlando, LLC, 2013 U.S. Dist.

LEXIS 181732 (M.D. Fla. 2013)). "Thus, the outcome of [ACA International]

will have binding nationwide implications regarding the definition of an ATDS,

including on this Court." (Id.).

14

First, in order to address the potential impact <u>ACA International</u> could have on this matter, the Court must assess the parties' conflict concerning precedential value of the forthcoming decision by the D.C. Circuit.  It is important to note at the outset that "while cognizant that federal courts should respect each other's efforts," the Court "is equally aware that '[b]inding precedent for all is set only by the Supreme Court, and for the district courts within a circuit, only by the court of appeals for that circuit,' meaning that each federal court has an obligation to engage independently in reasoned analysis." <u>Philadelphia Inquirer v. Wetzel</u>, 906 F. Supp. 2d 362, 366 (M.D. Pa. 2012) (Kane, J.) (quoting <u>In re Korean Air Lines Disaster of Sept. 1, 1983</u>, 829 F.2d 1171, 1176 (D.C. Cir. 1987)).  With that said, a number of district courts have addressed whether the forthcoming decision by the D.C. Circuit in <u>ACA International</u> will be binding precedent.  As discussed in more detail below, courts have reached conflicting conclusions.

For example, the United States District Court for the Middle District of Florida stated that "the extent to which this Court would be bound [by <u>ACA International</u>] is not entirely clear." <u>Sliwa</u>, 2016 U.S. Dist. LEXIS 93852, at *7. Generally, the court noted, "'[b]inding precedent for all is set only by the Supreme Court, and for the district courts within a circuit, only by the court of appeals for that district.'" <u>Id.</u> (alteration in original) (quoting <u>Murphy v. F.D.I.C.</u>, 208 F.3d

959, 965 (11th Cir. 2000)).  The district court continued by stating that "[w]here, however, multiple petitions challenging an FCC (or other agency) regulation are consolidated in one circuit under 28 U.S.C. § 2112–as here–there is support for the proposition that the assignee circuit 'bec[o]mes, and remains, the sole forum for addressing . . . the validity of the FCC's rules.'"  Sliwa, 2016 U.S. Dist. LEXIS 93852, at *7 (second alteration in original) (quoting Peck v. Cingular Wireless, LLC, 535 F.3d 1053, 1057 (9th Cir. 2008); (GTE S., Inc. v. Morrison, 199 F.3d 733, 743 (4th Cir. 1999)).  "Thereafter, a 'decision regarding the validity of the [challenged interpretations] is binding outside of th[at] . . . Circuit.'"  Id. (quoting Peck, 535 F.3d at 1057; citing ONRC Action v. U.S. Bureau of Reclamation, 2012 U.S. Dist. LEXIS 118153, at *88-89 (D. Or. Jan. 17, 2012)).  The district court stated that "[t]his case law stands for the proposition that, if the D.C. Circuit were to vacate (or uphold) one or more of the challenged FCC interpretations, this court could not instead continue to follow the FCC's now-vacated (or not follow the FCC's now-affirmed) interpretations in resolving Plaintiff's claims.[footnote omitted]"  Id. (citing Peck, 535 F.3d at 1057; citing ORNC Action, 2012 U.S. Dist. LEXIS 118153).

Similarly, the United States District Court for the District of Minnesota stated that it is "bound by the FCC's interpretations of the TCPA, unless those

interpretations are invalidated by a court of appeals." Wright v. Target Corp.,
2015 U.S. Dist. LEXIS 167000, at *13 (D. Minn. 2015) (citing 28 U.S.C. § 2342,
et seq.).  In a separate case, the District of Minnesota stated that "[a]lthough
Plaintiff questions whether the forthcoming ACA International opinion would be
binding on this Court, if the D.C. Circuit rejects the FCC's interpretation of the
term 'capacity,' precedent suggests this Court would follow it." Frable, 2016 WL
6123248, at *3.  The court continued by stating that "[s]hould the D.C. Circuit
reject the FCC's interpretation of 'capacity' and find that the term is limited to
'present ability' or 'current capacity,' federal district courts would be more likely
to follow the D.C. Circuit's decision than an invalidated FCC order." Id.

The United States District Court for the Northern District of California, on
the other hand, addressed whether ACA International would be binding and reach
a different conclusion.  Specifically, in O'Hanlon v. 24 Hour Fitness USA, Inc.[2]
stated that "[e]ven assuming that the decision from the D.C. Circuit will be
favorable to Defendants, it is, of course, not binding on this Court." O'Hanlon,
2016 U.S. Dist. LEXIS 27509, at *15.

The Court determines that "[s]hould the D.C. Circuit reject the FCC's
interpretation of 'capacity' and find that the term is limited to 'present ability' or

---

[2] 2016 U.S. Dist. LEXIS 27509 (N.D. Cal. Mar. 2, 2016).

17

'current capacity,' federal district courts would be more likely to follow the D.C.

Circuit's decision than an invalidated FCC order." <u>Frable</u>, 2016 WL 6123248, at

*3.  Thus, the question then becomes how much of an impact the D.C. Circuit's

decision could have on this case.

Here, Plaintiff alleges that "Defendant's conduct violated § 227(b)(1)(iii) of

the TCPA by placing repeated calls using an [ATDS] to Plaintiff's cellular

telephone without prior express consent."  (Doc. 1, p. 5).  "Under the TCPA, an

ATDS is any equipment 'which has the capacity (A) to store or produce telephone

numbers to be called, using a random or sequential number generator; and (B) to

dial such numbers.'"  <u>Robinson v. Nationstar Mortgage, LLC</u>, 2016 U.S. Dist.

LEXIS 147770, at *4 (S.D. Ga. Oct. 25, 2016) (quoting 47 U.S.C. § 227(a)(1)).

"In a July 10, 2015 FF Ruling, the FCC broadly defined the capacity of an ATDS

as 'not limited to its current configuration but also includes potential

functionalities.'"  <u>Coatney v. Synchrony Bank</u>, 2016 U.S. Dist. LEXIS 118768, at

*3-4 (M.D. Fla. Aug. 2, 2016) (quoting <u>In re Rules & Regulations Implementing</u>

<u>the Tel. Cosnumer Prot. Act of 1991</u>, 30 FCC Rcd. 7961, 7974 (2015)).

"In <u>ACA International</u>, the D.C. Circuit is reviewing consolidated

challenges to the [Federal Communications Commission's ("FCC")] Order under

the Hobbs Act, 28 U.S.C. § 2342."  <u>Schwyhart v. AmSher Collection Servs., Inc.</u>,

2016 U.S. Dist. LEXIS 56065, at *3 (N.D. Ala. Apr. 22, 2016). Specifically, "the

D.C. Circuit will review the [FCC's] July 15, 2016 Declaratory Ruling and Order

implementing the TCPA, 30 F.C.C.R. 7961 (2015)." <u>Caudill v. Wells Fargo Home</u>

<u>Mortg., Inc.</u>, 2016 U.S. Dist. LEXIS 89136, at *6 (E.D. Ken. July 11, 2016). The

FCC's "Declaratory Ruling and Order addresses:

> key language in the TCPA, including "whether dialing
> equipment is an autodialer under the TCPA when it does not
> have the 'current capacity' or 'present ability' to generate or
> store random or sequential numbers or to dial sequentially or
> randomly at the time the call is made," and "whether a caller
> making a call subject to the TCPA to a number reassigned from
> the consumer who gave consent for the call to a new consumer
> is liable for violating the TCPA."

<u>Sliwa</u>, 2016 U.S. Dist. LEXIS 93852, at *4 (quoting 30 F.C.C. Rcd. 7961, 7972,

7999). "Among the questions expected to be addressed [by the D.C. Circuit Court

of Appeals] are: (1) whether the FCC acted arbitrarily and capriciously in

expanding the definition of ATDS; and (2) whether the FCC acted arbitrarily and

capriciously in requiring callers to accept revocation of consent to be called 'at

any time and through any reasonable means.'" <u>Id.</u>

    As noted above, the definition of an ATDS is directly implicated in this

litigation.[3] "Whether Defendants used an ATDS when making telephone calls to

---

[3] The Court notes that Plaintiff, earlier in her complaint, alleges that "[w]hen contacting [her] on her cellular telephone, Defendant used an automatic telephone dialing system and

Plaintiff is 'a threshold issue for liability under the TCPA and for the scope of discovery." <u>Coatney</u>, 2016 U.S. Dist. LEXIS 118768, at *5 (quoting <u>Rose</u>, 2016 U.S. Dist. LEXIS 85287, at *4).  Thus, a stay pending <u>ACA International</u> would help clarify and streamline the legal issue concerning the definition of ATDS.  Moreover, awaiting a decision from the D.C. Circuit in <u>ACA International</u> would also focus discovery concerning Defendant's alleged ATDS for both parties.  Furthermore, as noted, if a stay in this action is not entered the Court would be leaving the door open for the possibility that during the course of discovery, drafting of motions, or while dispositive motions are pending the D.C. Circuit issue its decision in <u>ACA International</u> that would then require additional discovery or renewed motions.  Finally, "granting a stay 'will reduce the burden of litigation on the parties and the Court by allowing the Court to avoid issuing a dispositive Order in the midst of an uncertain legal environment.'" <u>Id.</u> (quoting <u>Mackiewicz</u>, 2015 U.S. Dist. LEXIS 180770, at *2-3).  As a result, this final factor also weighs in favor of granting the stay.

---

automatic and/or pre-recorded messages." (Doc. 1, p. 3).  While her allegation concerning Defendant's use of pre-recorded messages could establish, in part, that the TCPA was violated, Plaintiff appears to narrow the basis of her TCPA claim later in the complaint. <u>See</u> (<u>Id.</u> at p. 5).  Specifically, Plaintiff alleges that "Defendant's conduct violated § 227(b)(1)(iii) of the TCPA by placing repeated calls using an [ATDS] to Plaintiff's cellular telephone without prior express consent." (<u>Id.</u>).

IV.    **CONCLUSION**

Given that the above-discussed factors weigh in favor of granting

Defendant's motion to stay, Defendant has shown that the circumstances justify

granting the relief sought.  As a result, Defendant's motion to stay the matter

pending resolution of <u>ACA International</u>, (Doc. 15), will be granted.  An

appropriate Order follows.

**Date**: October 31, 2016                          /s/ William J. Nealon
                                                    **United States District Judge**